UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
***********************************X

HENRY PLATSKY,
                    plaintiff

          v.

FEDERAL BUREAU OF INVESTIGATION,
                    defendants

****************************·***********X

20 CV 573

COMPLAINT OF VIOLATION
OF FREEDOM OF INFORMATION
ACT

1. Parties:

I am Henry Platsky the plaintiff in the above action and I
reside at 174 Avenue A, aprtment 1D, New York, New York, 10009.
I lived at this address at the time of the events complained
of.

The defendants, the Federal Burau of Investigation, are the
nation's law enforcement agency and are an arm of the United
States Department of Justice. They are located at 935 Pennsyl-
vania Ave. NW, Washington, D.C., 20538

2. Jurisdiction:

Jurisdiction of this court is invoked pursuant to 5 United
States Code 552, The Freedom of Information Act (FOIA).

3. History of FOIA Request:

In a letter dated July 17, 2018. I submitted an FOIA
request to the Federal Bureau of Investigation (FBI) seek-
ing to know if my name was present on any Watch Lists used
in a meeting between representatives of the FBI and what

Platsky v. FBI                                              Page 2

were then three New York City emergency services: the New York
Police Department (NYPD), the Fire Department of New York (FDNY),
and the Emergency Medical Services (EMS which later merged with
the FDNY). The meeting which took place in the run up to the first
Gulf War, sometime in 1990, sought to form a Joint Terrorism Task
Force between the FBI and the three emergency services. It was
around that time that employees of all three services began to
determindly. tailor their movements to my own. Apparently the FBI
gave representatives of the three services a Watch-List which in-
cluded my name.

In my initial FOIA request I mentioned the above facts in my req-
uest to the FBI but in response the FBI diverted me to the National
Archives & Records Administration (NARA) and when this failed to
provide me with the information that I was seeking I returned to
FBI with a letter dated October 7, 2018 and clarified my request
which brought me a denial of my request, dated Oct. 31, 2018, from
David Hardy representing the FBI.  These two latter letters are
attached to this complaint.   In a letter to the FBI 'om  January
15th, 2019 (mis-dated 2018 on the letter) I appealed the FBI's de-
nial of my request. Mysteriously although the cover mailing to the
FBI's appeal denial listz a dated of February 5 of 2019 the date
that it was actually emailed to me is July 25th of 2oo9. My appeal
letter, the FBI's denial and the cover letter just mentioned are
all attached.

4. My Appeal and the FBI Denial

Flatsky v. FBI                                        page 3

In my appeal of the FBI's denial of my FOIA request I focused
on the denial of due process that I suffered in being placed
on one of the FBI's Watch-lists. (My appeal was written in
January of 2019 and in September of that year Judge Trenga
of the U.S. Court of the Eastern District of Virginia found
the FBI's Watch-list were unconstitutional due to the denial
of due process accorded citizens place on the lists)

In its denial of my appeal the FBI's representative cited
the sections of the FOIA that allowed agencies to withhold
information that would disclose techniques, procedures or
guidelines for law enforcement investigations or prosecutions.
As anyone can read from my request I had no interest in the
FBI's investigative activities. Further as my request con-
cerned information compiled over 25 years before that inform-
ation can no longer be classified according to Executive Order
# 13526, Section 1.5(b).

5.    The Watch-lists Are Unconstitutional:

In Elhady, et. al., v. Kable (Director of the Terrorits
Screening Center),1:16cv375, Judge Anthony J. Trenga of the
United States Court of the Eastern District ov Virginia ruled
that the FBI's Watch-lists are unconstitutional. In the words
of Judge Trenga "...there are 'basic requirements' that pro-
cedural due process, in each instance demands, including not-
ice and a meaningful opportunity to be heard." (page 17).

Platsky v. FBI                                                    page 4

With this ruling the FBI loses the legal right to classify any
information on its' Watch-lists, this according to Section 1.7
of Executive Order #13526.

With this ruling I believe the FBI should be required to inform
every citizen whose name appears on the Watch-lists of that fact
and allow them the right to recover due process and challenge
their placement on the Watch-lists and wherever the FBI cannot
justify such placement have their names removed and recover
damages for any injury they suffered as a result of their place-
ment.

6.  Some History Between Myself and the FBI

Via the FOIA I was able to obtain a file that the FBI kept on
me     between 1965 and 1971. The file concerned my relationsship
with the Marxist-Leninist Workers World Party and it showed that
the FBI had an intensive interest in my activities with Workers
World (WWP): the file cited every meeting that I had attended in
the New York City branch of the WWP stretching some 5 years; the
file also noted every demonstration and public gathering that I
attended in that same period.  I should make clear that I was
not a leader of the WWP, just a loyal rank-and-file member.

The file went on for close to 200 pages. The FBI could not have
amassed such detailed information on my activities with the WWP

Platsky v. FBI                                          page 5

without having at least one agent or informant within the org-
anization thus violating the right of all of those associated
with the WWP their constitutionally guaranteed right to speak,
publish (their twice-monthly Workers World paper plus an occ-
asional book), and assemble free of government interference.

With its' tight surveillance of WWP activities it is beyond
any doubt that the WWP was targeted by the FBI in its' Counter-
Intelligence Program (COINTELPRO). When political activists
burglarized a local FBI office, and finding evidence of COIN-
PRO distributed it to the media. With the resulting uproar in
1971 the FBI declared the COINTELPRO operation disbanded. De-
spite this declaration by FBI Director J. Edgar Hoover a file
released to me via the FOIA concerning a Marxist-Trotskyist
organization called the Class Struggle League showed the FBI
maintaining a tight surveillance on the organization during
the years 1973-75.*

It is important to remember that no one in the FBI was held
accountable for their illegal actions; there were no arrests of
* In 1976 the Select Committee to Study Government Operations
With Respect to Intelligence Activities headed by Senator Frank
Church investgated the COINTELPRO program and other similar
programs operated by the CIA and the Department of Defense. In
it's final report the Committee found that the activities of the
FBI infringed on the constitutional rights of citizens. Legal
questions were often "not considered" and "...on other occasions
they were intentionally disregarded..." The Committee found: "...
the most serious breaches were those of senior officials.. ...
the Bureau conducted a sophisticated vigilante operation aimed
squarely at preventing the excercise of First Amendment rights..."

any form of punishment for the lawbreakers of the FBI. Thus when President Reagan reintroduced domestice surveillance in 1986, the COINTELPRO Spirit was alive and well within the FBI.

It was about this time that I began to experience strange and disturbing incidents in my life.  When these incidents escalated in intensity I filed a complaint against the FBI in the U.S. Court of the Eastern District of New York (Platsky v. FBI, 90-CV-1915. A companion case against the CIA was introduced at the same time; 90-CV-1916.  The Defense Intelligence Agency was also named as a defendant. With the National Security Agency added as defendants a consolidated case, 90-CV-2313, was created). Within days of the first complaints being submitted the harassment against me escalated exponentially.  By far the worst of this came from the management of the resident hotel I was living in in Downtown Brooklyn.  When I faced violence and threats from the management and staff I turned to the police of the local 84th Precinct and the New York State Agency charged with protecting tenants rights. They either turned a blind eye or actively aided the harassment.  This resulted in my complaint Platsky v. Kilpatrick, 91-CV-3292, which accused the hotel management of violating my civil rights and the government agencies with being in position to protect my rights but failing to do so.

Although every word in the above cited cases was true all of them were dismissed by the court and these dismissals were upheld on appeal with the Court of Appeals for the 2nd Circuit.

Platsky v. FBI                                      page 7

Later in 1990 with the run-up to the First Gulf War (Desert Storm)
the FBI came to New York City and met with three emergency service
agencies; the New York Police Department (NYPD), the Fire Depart-
ment of New York (FDNY), and the Emergency Medical Servide (EMS
which later merged with the FDNY).   Together they formed a Joint
Terroist Task Force and it was about this time that personnel
from these agencies intruded into my life.


In the most ominous incident sometime in early 1992       I was
walking down Flatbush Avenue near the Atlantic Avenue station of
the Long Island Railroad.   Some sort of intuition told me to turn
around and look behind me to see a police cruiser on the sidewalk
headed towards me. I stepped to the side and the vehicle rode past
me and stopped by the LIRR entrance.   With the vehicle still on
the sidewalk the officers, at least four, disgorged into the
station as if responding to an emergency.   I was able to pass
the vehicle and get its' identifying number and report the incid-
ent to the Civilian Complaint Review Board (CCRB) the agency that
deals with misconduct and abuse by the NYPD.   Following this com-
plaint a representative of the Internal Affairs Division of the
NYPD called me to discuss the incident.   He told me that police
records showed there was no emergency at the LIRR on that day.
He further stated that the vehicle involved was not logged out
at that time of day.   Thus there was no record of who was in the
vehicle at that time.(the CCRB now claims that they have no record
of this complaint.   Apparently this incident was expunged from
their records).

Platsky v. FBI                                          page 8

In Platsky v. Armand, et. al (93-CV-5154) I described the role of
the NYPD as follows:

> "Numerous members of the New York Police Department along
> with members of other police units (e.g., New York City
> Transit Police) along with employees of other emergency
> services (Fire, EMS) along with countless private indi-
> viduals make up the network that creates and sustains
> this campaign of harassment...The actions complained of
> in this complaint... first began after plaintiff filed
> a complaint against the Federal Bureau of Investigation.
> Members of the New York City Police Department and the
> New York City Fire Department began ostentatiously monit-
> oring the plaintiff's activities and harassing the plain-
> tiff following the setting up of an inter-departmental
> communications system under the leadership of the Federal
> Bureau of Investigation."

Here I am describing the defendant's reestablishing its' vigil-
ante network linking  it up to the emergency services with their
ability to monitor and report a persons' movements.  The presiding
judge in this case, I. Leo Glasser of the Court of the Eastern
District of New York, decided to excersise some amateur psychology
and declared me delusional and dismissed the complaint sua sponte.
Judge Glasser's opinion notwithstanding every word of the complaint
was true and most of the allegations remain true over a quarter of
a century later.  As evidence I am attaching several complaints to
the CCRB and the FDNY concerning harassment and menacing by police
and EMS personnel.

7. Conclusion

I have shown the court that I was involved with organizations tar-
geted by the original COINTELPRO program run by the FBI.  I have

shown that as a result the FBI created a massive file on me that
displayed their concern for my every politically-related movement.
I have shown that the FBI continued to monitor the activities of
an organization that I had an association with in the mid-70's
after the COINTELPRO program was supposedly suspended. I have shown
the court that following the reintroduction of domestic surveill-
ance I suffered COINTELPRO-type harassment that moved me to appeal
to the courts which resulted in a dramatic escalation of harassment.
I have shown the court hat following a meeting between the FBI and the
NYPD, FDNY and the EMS peronnel from these three agencies began to
interfere in my activities.  I have shown the court that COINTELPRO
style harassment continues to dog my life. Finally I want to remind
the court of the decision in Elhady v. Kable which found the FBI's
Watch-lists unconstitutional due to its failure to provide people
placed on the list with their right to due process.

In light of these facts I ask the court to:
-allow all citizens the right, via the FOIA, to determine whether
their names are to be found on any of the FBI's Watch-lists.

-order the FBI to acknowledge my placement on their Watch-lists;
to inform me of all government and private persons and organiza-
tions that have been given Watch-lists with my name on them; to
remove my name from all such Watch-lists and inform all such
governement and private organizations and individuals that my name
was placed there in error.

Platsky v. FBI                                          page 10


-order the FBI to negotiate with me all damages both compensatory

and punitive that are due me in light of my erroneous placement

on their Watch-lists,


and any further relief the court deems appropriate.


I do solemnly swear that the facts stated in this complaint are

true to the best of my knowledge.


Respectfully submitted,
January 21, 2020
New York, New York

                                          Henry Platsky
                                          174 Avenue A, #1D
                                          New York, New York, 10009

                                          347-835-9117

ATTACHMENTS:

1. My FOIA request, the FBI response, my appeal and the correspond-
   FBI response (6 pages).

2. 3 complaints to the Civilian Complaint Review Board regarding
   menacing by police vehicles (all complaints were forwarded to
   the Office of the Chief of the Department where in all cases
   no wrongdoing was found). (3 pages)

3. 3 complaints to the Fire Department of New York regarding men-
   acing by Emrgency Medical Services ambulances (in all 3 cases
   the FDNY found no wrongdoing). (6 pages)

January 15, 2018

To: Director, Information Policy
    U.S. Department of Justice

re: Appeal FOIA request # 1412680-001

I am appealing the denial of the above numbered FOIA request by David H. Hardy of the Information Management Division of the Federal Bureau of Investigation.

If you will refer to my original request you will note that my request concerned the presence of my name on a terrorist-watch list that was brought by the FBI to the New York Police Department (NYPD), the Fire Department of New York (FDNY), and the Emergency Medical Service (EMS) at the meeting that set up a joint terrorism task force between the FBI and the three New York emergency agencies in the run-up to the first Gulf War.

Shortly after this meeting took place personnel from the three emergency agencies began surveilling my movements and engaging in acts of harassment and menacing. This establishes that the FBI did indeed pass my name to these agencies in violation of my constitutional right to due procees before being found guilty of a crime. The harassment and surveillance coninues to this day.

As the FBI committed a criminal act against me at this meeting none of the information concerning this meeting can legally be classified. I am therefore asking that you overturn Mr. Hardy's decision and release the information concerning my name on this watch list.

Sincerely,

Henry Platsky
174 Ave. A, #1D
NY, NY, 10009

h.platsky@yahoo.com



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 31, 2018

MR. HENRY ALLEN PLATSKY
NUMBER 1D
174 AVENUE A
NEW YORK, NY 10009

FOIPA Request No.: 1412680-001
Subject: PLATSKY, HENRY ALLEN

Dear Mr. Platsky:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.   Below you will find informational paragraphs relevant to your request.   Please read each one carefully.

Please be advised that the U.S. Government can neither confirm nor deny whether a particular person is on any terrorist watch list.   Maintaining the confidentiality of government watch lists is necessary to achieve the objectives of the U.S. Government, as well as to protect the privacy of individuals who may be on a watch list for a limited time and later removed.   If the U.S. Government revealed who was listed on any government watch list, terrorists would be able to take actions to avoid detection by government authorities.   Thus, by standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2)   [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).   See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."   The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://www.foiaonline.gov/foiaonline/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Enclosed for your information are a copy of the FBI Fact Sheet and the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosures

October 7, 2018


Attn: David M. Hardy, Section Chief
      Record.Information Dissemination Section,
      Information Management Divion,
      Federal Bureau of Investigation

Re: FOIA Request# 1412680-000

Dear David Hardy,

I want to remind you of your letter to me of August 6th in response
to the above-numbered FOIA request. In your letter you referred me to
National Archives & Records Administration (NARA) as a source for
records responsive to my request. I have enclosed a copy of a letter
Chris Abraham of NARA who informs me that the numbers that you gave
me for the records in question refer to records that are not what I am
seeking.  Therefore I am going to reformulate my request.

Does the FBI have any Watch Lists from the years 1990-1991 that con-
tain my name?

You already have the information necessary to process my request in
my original request letter.

Respectfully,

Henry Platsky
174 Ave. A, #1D
NY, NY, 10009

h.platsky#yahoo.com



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Henry Platsky
No. D
174 Avenue A                                Re:      Appeal No. DOJ-AP-2019-002090
New York, NY 10009                                   Request No. 1412680-001
h.platsky@yahoo.com                                  CDT:RNB

**VIA: Email**

Dear Henry Platsky:

You appealed from the action of Federal Bureau of Investigation on your Freedom of
Information Act request for access to records concerning your name on any watch list. I note
that your appeal concerns the FBI's refusal to confirm or deny the existence of records
responsive to your request.

After carefully considering your appeal, I am affirming the FBI's action on your request.
The FBI properly refused to confirm or deny the existence of any records concerning an
individual's placement on any government watch list because their existence is protected from
disclosure pursuant to 5 U.S.C. § 552a(j)(2) & 5 U.S.C. § 552(b)(7)(E). Exemption 7(E)
concerns records or information compiled for law enforcement purposes the release of which
would disclose techniques and procedures or guidelines for law enforcement investigations or
prosecutions. Further, it is reasonably foreseeable that confirming or denying an individual's
placement on any government watch list would harm the interests protected by this exemption.
See, e.g., Kalu v. IRS, 159 F. Supp. 3d 16, 23 (D.D.C. 2016). This response should not be taken
as an indication that records do or do not exist. Rather, this is the standard response made by the
FBI.

Please be advised that this Office's decision was made only after a full review of this
matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your underlying request, and the action of the FBI in response to your
request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a
lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers
mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-
exclusive alternative to litigation. Using OGIS services does not affect your right to pursue
litigation. The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,

- 2 -

College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X
_____
Christina D. Troiani, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals Staff

## Thank You For Filling Out This Form

Shown below is your submission to **NYC.gov** on Friday, October 14, 2016 at 10:41:23

This form resides at https://www.nyc.gov/html/ccrb/html/complaint/online.shtml

| NAME of FIELDS | DATA |
|---|---|
| cfirstname: | Henry |
| clastname: | Platsky |
| caddr: | 174 Avenue A, 1D |
| ccity: | New York |
| cstate: | NY |
| czip: | 10009 |
| cbirthmonth: | April |
| cbirthdate: | 1 |
| cbirthyear: | 1949 |
| chphone: | 347-835-9117 |
| cbphone: | same as above |
| ccellphone: | same as above |
| textpermission: | Yes |
| mobilecarrier: | Alcatel |
| cemail: | h.platsky@yahoo.com |
| sex: | Male |
| orientation: | Heterosexual or straight |
| crace: | White |
| witness: | Yes |
| lmonth: | Oct |
| ldate: | 10 |
| lyear: | 2016 |
| ltimehr: | 8 |
| ltimemin: | 15 |
| time: | AM |
| llocation: | 7th St. and Ave. A, |
| lboro: | Manhattan |
| story: | While crossing south on 7th St at Ave A on my light a patrol car coming north veered toward me as if coming at me and then stopped. I have no doubt the driver saw me. I believe this was intended as intimidation |
| lsubwit: | Subject |
| lgender: | Male |
| lrace: | White |
| lplcth: | In Uniform |
| lftcar: | In Car |

NYC Resources | 311 | Office of the Mayor

## Thank You For Filling Out This Form

Shown below is your submission to **NYC.gov** on Thursday, July 24, 2014 at 16:31:49

This form resides at https://www.nyc.gov/html/ccrb/html/complaint/online.shtml

| NAME of FIELDS | DATA |
|---|---|
| cfirstname: | Henry |
| clastname: | Platsky |
| caddr: | 174 Avenue A |
| ccity: | New York |
| cstate: | NY |
| czip: | 10009 |
| cbirthmonth: | April |
| cbirthdate: | 1 |
| cbirthyear: | 1949 |
| chphone: | 347-835-9117 |
| cbphone: | same as above |
| ccellphone: | same as above |
| cemailphone: | h.platskyyahoo.com |
| sex: | Male |
| crace: | White |
| witness: | Yes |
| vcity: | Highland Park |
| lmonth: | Jul |
| ldate: | 19 |
| lyear: | 2014 |
| ltimehr: | 2 |
| ltimemin: | 40 |
| ltimeampm: | PM |
| vcity: | Highland Park |
| lboro: | Brooklyn |
| story: | I was walking on a pedestrian path in the park when I became aware of something moving right behind me. I turned to see an NYPD patrol car right behind me on the path. The driver gave me no warning of his approach and he was only a few feet behind me. As I stepped aside to let him pass I noticed that he was an older man, approximately in his 40s, white, with balding hair. This incident repeats a pattern of such incidents that I have been complaining about for several years. The failure to the NYPD to do anything to this discourage this behavior is clearly enabling it. |
| lsubwit: | Subject |
| lgender: | Male |
| lrace: | White |
| lplcth: | In Uniform |
| lftcar: | In Car |
| lcar: | 3820 |
| lcarmkd: | Marked |
| ldescrip: | hair: dark, build: stocky, age: approx. 40 |
| lrole: | Driver of vehicle in question |
| true/false: | True |

Copyright 2014 The City of New York

Contact Us | Privacy Policy | Terms of Use

NYC Resources | 311 | Office of the Mayor

## Thank You For Filling Out This Form

Shown below is your submission to **NYC.gov** on Monday, April 14, 2014 at 09:54:03

This form resides at https://www.nyc.gov/html/ccrb/html/complaint/online.shtml

| NAME of FIELDS | DATA |
| --- | --- |
| cfirstname: | Henry |
| clastname: | Platsky |
| caddr: | 1865 Benson Ave., 155 |
| ccity: | Brooklyn |
| cstate: | NY |
| czip: | 11214 |
| cbirthmonth: | April |
| cbirthdate: | 1 |
| cbirthyear: | 1949 |
| chphone: | 347-835-9117 |
| cbphone: | none |
| ccellphone: | same as above |
| cemailphone: | h.platskyyahoo.com |
| sex: | Male |
| crace: | White |
| witness: | Yes |
| vcity: | Franklin Ave Fulton St |
| lmonth: | Apr |
| ldate: | 10 |
| lyear: | 2014 |
| ltimehr: | 8 |
| ltimemin: | 48 |
| ltimeampm: | AM |
| vcity: | Franklin Ave Fulton St |
| lboro: | Brooklyn |
| story: | While I was crossing Franklin Ave. moving west on Fulton St. with the light, I noticed an NYPD cruiser moving in the same direction on Fulton St. As I came to the middle of the intersection the cruiser suddenly turned and came towards me. I stopped and let the cruiser pass and I was able to see the identifying number on the cruiser: 8629 (84th pct.) I was not able to clearly see the officer driving. This is the latest in series of similar incidents and up to now the NYPD has refused to investigate any possilbe connection between them. |
| true/false: | True |

Copyright 2014 The City of New York

Contact Us | Privacy Policy | Terms of Use

**Kugelman, Maura (FDNY)**

| | |
|---|---|
| **From:** | Kordova, Yelena (FDNY) |
| **Sent:** | Tuesday, July 09, 2013 10:54 AM |
| **To:** | McCrorie, Cathy (FDNY); Albanese, Joanne (FDNY) |
| **Subject:** | 70849 FW: City of New York - Correspondence #1-1-869446563 Message to Agency Head, FDNY – Other Agency Complaint |
| **Attachments:** | 70849.pdf |

-----Original Message-----
From: outgoingagency@customerservice.nyc.gov [mailto:outgoingagency@customerservice.nyc.gov]
Sent: Monday, July 08, 2013 10:29 AM
To: Rivera, Alaida (FDNY); Scott, Angel (FDNY); Kordova, Yelena (FDNY); Clements, Katy (FDNY)
Subject: City of New York - Correspondence #1-1-869446563 Message to Agency Head, FDNY - Other Agency Complaint

Your City of New York - CRM Correspondence Number is 1-1-869446563

DATE RECEIVED: 07/08/2013 10:19:58

DATE DUE: 07/22/2013 10:28:39

SOURCE: 3-1-1 Call Center

RELATED SR# OR CASE#: N/A

EMPLOYEE NAME OR ID#: 293

DATE/TIME OF INCIDENT: 07/06/2013 09:20:43

LANGUAGE NEED:

The e-mail message below was submitted to the City of New York via NYC.gov or the 311 Call Center. It is forwarded to your agency by the 311 Customer Service Center. In accordance with the Citywide Customer Service standard, your response is due in 14 calendar days.

************
If this message is to a Commissioner / Agency Head and needs to be re-routed to another agency or cc to another agency, forward the email to outgoingagency@customerservice.nyc.gov. Do not make any changes to the subject line. Include any comments and it will be processed by the 311 Customer Service Center.

All other web forms are to be handled by the receiving agency.

**************

1

**Kugelman, Maura (FDNY)**

From:            Scott, Angel (FDNY)
Sent:            Thursday, June 20, 2013 9:11 AM
To:              McCrorie, Cathy (FDNY); Albanese, Joanne (FDNY)
Subject:         Cr# 70644
Attachments:     70644.pdf

-----Original Message-----
From: outgoingagency@customerservice.nyc.gov [mailto:outgoingagency@customerservice.nyc.gov]
Sent: Tuesday, June 18, 2013 10:49 AM
To: Rivera, Alaida (FDNY); Scott, Angel (FDNY); Kordova, Yelena (FDNY); Clements, Katy (FDNY)
Subject: City of New York - Correspondence #1-1-863372930 Message to Agency Head, FDNY - Employee Complaint

Your City of New York - CRM Correspondence Number is 1-1-863372930

DATE RECEIVED: 06/18/2013 10:26:09

DATE DUE: 07/02/2013 10:48:25

SOURCE: 3-1-1 Call Center

RELATED SR# OR CASE#: N/A

EMPLOYEE NAME OR ID#: N/A

DATE/TIME OF INCIDENT: 06/17/2013 13:55:00

LANGUAGE NEED:

The e-mail message below was submitted to the City of New York via NYC.gov or the 311 Call Center. It is forwarded to
your agency by the 311 Customer Service Center. In accordance with the Citywide Customer Service standard, your
response is due in 14 calendar days.

***********
If this message is to a Commissioner / Agency Head and needs to be re-routed to another agency or cc to another
agency, forward the email to outgoingagency@customerservice.nyc.gov. Do not make any changes to the subject line.
Include any comments and it will be processed by the 311 Customer Service Center.

All other web forms are to be handled by the receiving agency.

***************

1

Message Type:

Topic: Other Agency Complaint

First Name: HENRY

Last Name: PLATSKY

Organization:

Apartment Number:

Street Address: PO BOX 140155

City: BROOKLYN

State: NY

Postal Code: 11214

Country:

Work Phone #: 3478359117

Email Address: H.PLATSKY@YAHOO.COM

Message: I WOULD LIKE KNOW IF THERE WAS A ACTUAL EMERGENCY THAT TOOK PLACE JULY 6, 2013 NEAR FULTON STREET AND THOMES BOYLOND IN BROOKLYN AROUND 9:20AM. IF THERE WAS NOT AN ACTUAL EMERGENCY, I WOULD LIKE TO KNOW THE REASON ON WHY THE AMBULANCE PLACED THERE SIRENS ON.
THE AMBULANCE CAR NUMBER WAS 293

**Kugelman, Maura (FDNY)**

| | |
|---|---|
| **From:** | Scott, Angel (FDNY) |
| **Sent:** | Monday, September 09, 2013 4:03 PM |
| **To:** | McCrorie, Cathy (FDNY); Albanese, Joanne (FDNY) |
| **Subject:** | Cr# 71393 |
| **Attachments:** | 71393.pdf |

-----Original Message-----
From: outgoingagency@customerservice.nyc.gov [mailto:outgoingagency@customerservice.nyc.gov]
Sent: Tuesday, September 03, 2013 10:57 AM
To: Rivera, Alaida (FDNY); Scott, Angel (FDNY); Kordova, Yelena (FDNY); Clements, Katy (FDNY)
Subject: City of New York - Correspondence #1-1-886646345 Message to Agency Head, FDNY - EMS Operations

Your City of New York - CRM Correspondence Number is 1-1-886646345

DATE RECEIVED: 09/03/2013 10:52:10

DATE DUE: 09/17/2013 10:57:03

SOURCE: 3-1-1 Call Center

RELATED SR# OR CASE#: N/A

EMPLOYEE NAME OR ID#: TRUCK# 208

DATE/TIME OF INCIDENT: 08/30/2013 13:30:04

LANGUAGE NEED:

The e-mail message below was submitted to the City of New York via NYC.gov or the 311 Call Center. It is forwarded to your agency by the 311 Customer Service Center. In accordance with the Citywide Customer Service standard, your response is due in 14 calendar days.

\*\*\*\*\*\*\*\*\*\*\*
If this message is to a Commissioner / Agency Head and needs to be re-routed to another agency or cc to another agency, forward the email to outgoingagency@customerservice.nyc.gov. Do not make any changes to the subject line. Include any comments and it will be processed by the 311 Customer Service Center.

All other web forms are to be handled by the receiving agency.

\*\*\*\*\*\*\*\*\*\*\*\*\*

1

Message Type:

Topic: EMS Operations

First Name: HENRY

Last Name: PLATSKY

Organization:

Apartment Number:

Street Address: POBOX 140155

City: BROOKLYN

State: NY

Postal Code: 11214

Country:

Work Phone #: 3478359117

Email Address: H.PLATSKY@YAHOO.COM

Message: I WAS CROSSING THE STREET AT EASTERN PARKWAY AND ROCKAWAY AVE IN BROOKLYN. I HAD THE LIGHT TO CROSS. WHEN I STEPPED OUT AN EMS TRUCK ZOOMED PASS THE LIGHT WITHOUT USING SIRENS. AFTER THE EMS CROSSED THE TRAFFIC SIGNAL THEY CUT ON THE LIGHTS AND SIRENS AND CONTINUED DRIVING. THIS INCIDENT COULD HAVE BEEN FATAL. I WOULD LIKE THIS MATTER INVESTIGATED.

Message Type:

Topic: Employee Complaint

First Name: HENRY

Last Name: PLATSKY

Organization:

Apartment Number: 155

Street Address: 1865 BENSON AVENUE

City: BROOKLYN

State: NY

Postal Code: 11214

Country:

Work Phone #: 3478359117

Email Address: H.PLATSKY@YAHOO.COM

Message: CALLER STATES THIS AMBULANCE AT THIS TIME 1:55PM 6/17/2013,  WAS IN TRAFFIC AT 34TH ST AND 2ND AVE IN MANHATTAN, AT THAT TIME THERE WAS NO SIREN ON.  THEN SUDDENLY THEY TURNED ON THE SERIN AND CAME OUT OF THE TRAFFIC AND DROVE DOWN THE LANE OF THE TRAFFIC IN THE OPPOSITE DIRECTION, HE HAD THE LIGHT IN HIS FAVOR AND HE WAS CROSSING THE STREET, FORTUNATELY, HE WAS FAST ENOUGH TO GET OUT OF THE WAY... THIS TYPE OF HARASSMENT  HAS HAPPENED BEFORE.  THE AMBULANCE IS EMS# 049...PLEASE INVESTIGATE IF THEY WERE REALLY GOING ON AN EMERGENCY ... PLEASE INVESTIGATE.