UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY PLATSKY,

               Plaintiff,

-against-

FEDERAL BUREAU OF INVESTIGATION,

               Defendant.

20-CV-0573 (LLS)

ORDER OF SERVICE

LOUIS L. STANTON, United States District Judge:

    Plaintiff brings this *pro se* action, asserting claims against the Federal Bureau of Investigation (F.B.I.) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*. Plaintiff also alleges that he was denied due process because the F.B.I. included his name on a terrorist watch list that it shared in the 1990s with the New York Police Department (NYPD), New York Fire Department (NYFD), and the Emergency Medical Services (EMS).

    By order dated January 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses Plaintiff's claim for the denial of due process and directs service of the summons and complaint on Defendant F.B.I. with regard to the FOIA claim.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Henry Platsky has filed numerous actions under the FOIA.[1] Through the FOIA, Plaintiff succeeded in obtaining a 200-page file from the F.B.I. reflecting his activities between 1965 and 1971 as a member of the Marxist-Leninist Workers World Party. (ECF 2 at 4.)

In the 1990s, Plaintiff "began to experience strange and disturbing incidents in [his] life," including "violence and threats" from the management and staff of the hotel where he was living in Brooklyn, New York. (*Id.* at 6.) He reported these matters to the NYPD, but the officers either "turned a blind eye or actively aided the harassment." (*Id.*) Plaintiff alleges that, among other things, he has been threatened by police vehicles when crossing the street, and he links these incidents to a meeting in the 1990s between the F.B.I. and three agencies in New York City. He infers that his name must be on an F.B.I. list that he believes was provided to New York City agencies at that meeting decades ago because "[i]t was around that time that employees of all three services began to determinedly tailor their movements to [his] own." (*Id.* at 1.)

"In the most ominous incident[,] sometime in early 1992, . . . [Plaintiff] look[ed] behind [him] to see a police cruiser on the sidewalk headed toward [him.] The vehicle rode past [him] and stopped at the LIRR entrance [and] at least four [officers] disgorged into the station as if responding to an emergency." (*Id.* at 7.) Plaintiff was later able to determine that, in fact, there was no emergency at the LIRR on that date, and there was no report of this vehicle. (*Id.*)

---

[1] *See, e.g., Platsky v. NSA et al.*, No. 11-CV-4816 (E.D.N.Y. Jan. 30, 2013) (granting summary judgment to defendants on Plaintiff's FOIA claims against the NSA, F.B.I., and CIA), *aff'd*, No. 13-527-CV, 2013 WL 6570766 (2d Cir. Dec. 16, 2013); *Platsky v. NSA*, No. 15-CV-1529 (ALC), 2016 WL 3661534 (S.D.N.Y. July 1, 2016), *aff'd*, 2017 WL 4052235 (2d Cir. July 17, 2017) (granting motion for summary affirmance because the appeal "lacks an arguable basis in law or in fact."); *Platsky v. Armand*, No. 93-CV-5154, 1994 WL 681415 (E.D.N.Y. Feb. 8, 1994); *Platsky v. U.S. Dep't of Justice*, No. 90-CV-1916 (E.D.N.Y.), *aff'd*, 990 F.2d 1251 (2d Cir. Feb. 16, 1993); *Platsky v. Studeman, Dir. NSA*, No. 91-CV-2314 (E.D.N.Y. Aug. 18, 1993).

Plaintiff filed multiple civil suits in the Eastern District of New York arising out of this 1992 NYPD incident, but "all of them were dismissed by the court and these dismissals were upheld on appeal." (*Id.*)

Plaintiff attaches to his complaint several reports that he made online to the City of New York regarding his more recent encounters with the NYPD or other emergency services. Plaintiff's online reports document, for example, that in 2013, an ambulance suddenly turned on its siren and reversed direction – driving the wrong way in an empty lane; Plaintiff was crossing the street and was barely able to get out of the way of the ambulance. (*Id.* at 26.) On July 19, 2014, a police patrol car appeared behind Plaintiff without warning when he was walking on a pedestrian path in Highland Park, in Brooklyn, New York. (*Id.* at 19.) In April 2014, a police cruiser suddenly turned toward Plaintiff while he was crossing Franklin Avenue, and Plaintiff had to stop and let the cruiser pass. (*Id.* at 20.) On October 10, 2016, a patrol car veered toward Plaintiff as he was crossing the street in Manhattan but eventually stopped; Plaintiff "believe[s that] this was intended as intimidation." (*Id.* at 18.) Based on these and other similar incidents, Plaintiff infers that his name was on a list passed to New York City agencies in the 1990s.

Plaintiff alleges that on July 17, 2018, he submitted a FOIA request to the F.B.I., asking if his "name was present on any Watch Lists used in a meeting between representatives of the F.B.I. and . . . three New York City emergency services . . . [that] took place . . . sometime in the 1990s." (ECF 2 at 1-2.) In the F.B.I.'s response, it referred Plaintiff "to the National Archives and Records Administration." (*Id.* at 2.) Plaintiff wrote again to the F.B.I., and on October 31, 2018, David Hardy, on behalf of the F.B.I. denied the FOIA request.

On January 15, 2019, Plaintiff appealed the F.B.I.'s denial of his request. Plaintiff received a response from the Administrative Appeals Staff affirming the F.B.I.'s action and

notifying him that he could seek review in federal district court under § 552(a)(4)(B). (*Id.* at 16-17.)

## DISCUSSION

**A.     Due Process Claims**

All suits filed in federal court must be "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 102 (1998). Courts implement this limit on the judicial power by ensuring that at least one plaintiff in any federal case has "standing." *See Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 53 n.2 (2006).

Standing requires a plaintiff to show (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (internal quotation marks omitted). Injury in fact is the "first and foremost of standing's three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal quotation marks and alterations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal quotation marks omitted). A "future injury" can suffice, so long as it is "certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Dreihaus*, 573 U.S. 149, 157 (2014).

Here, Plaintiff challenges his inclusion on an F.B.I. watch list, allegedly in violation of his constitutional due process rights. To prevail on a procedural due process claim under the Fifth Amendment, a plaintiff must demonstrate that he was deprived of a protected property or liberty interest. *See Green v. Bauvi,* 46 F.3d 189, 194 (2d Cir. 1995). Substantive due process "provides heightened protection against government interference with certain fundamental rights

5

and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Defendants violate substantive due process where their actions are "shocking, arbitrary, or egregious," *Trombley v. O'Neill*, 929 F. Supp. 2d 81, 103 (N.D.N.Y. 2013).

Plaintiff alleges in the complaint that he had various traffic encounters with police vehicles and based on these encounters concludes that his name was on a "watch list" discussed at the F.B.I.'s meeting in the 1990s with the NYPD, NYFD, and EMS. In one of Plaintiff's earlier suits, he made a similar argument that the F.B.I. could not, "consistent with due process, place him or any citizen on a terrorist watch list without notice and an opportunity to be heard." *Platsky v. Nat'l Sec. Agency*, 547 F. App'x 81, 82–83 (2d Cir. 2013). The district court dismissed his due process claim, and on appeal, the Court of Appeals for the Second Circuit held that he had not plausibly alleged that he was on a watch list:

> [W]e agree with the District Court's determination the Platsky does not have standing, because he appears to be claiming a hypothetical and speculative injury. 'The irreducible constitutional minimum requires that (1) the plaintiff have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) the injury be fairly traceable to the challenged action of the defendant, and (3) it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.' *Hedges v. Obama*, 724 F.3d 170, 188 (2d Cir.2013) (internal quotation marks omitted). Platsky does not allege that he has in fact been put on an F.B.I. watch list, or even that he has been inordinately subjected to heightened searches while traveling, which could raise a plausible inference that he had been placed on such a list. Accordingly, he does not have standing to assert a due process claim.

*Id.* at *83; *see also Platsky v. Armand*, No. 93-CV-5154, 1994 WL 681415 (E.D.N.Y. Feb. 8, 1994) (dismissing as frivolous Platsky's complaint alleging that the F.B.I. and members of the NYPD and the NYFD "began ostentatiously monitoring the plaintiff's activities and harassing" him, and his neighbors began a campaign of banging, bumping, and squealing noises).

Plaintiff's allegations in this complaint that he had various traffic encounters with police vehicles likewise do not give rise to a plausible inference that the F.B.I. and members of the

6

NYPD and the NYFD were monitoring Plaintiff based on his inclusion on a watch list. Because these allegations of routine traffic encounters do not plausibly suggest that authorities placed Plaintiff on a watch list, Plaintiff does not have standing to assert a claim that he was deprived, without due process, of a protected interest in being free from placement on a watch list, and the Court dismisses Plaintiff's due process claim for lack of standing.

**B.     Freedom of Information Act (FOIA) Claim**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant F.B.I through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return

form ("USM-285 form") for Defendant F.B.I. The service address for this Defendant is: Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, N.Y. 10278. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Court dismisses Plaintiff's due process claim for lack of standing and only the FOIA claim will proceed.

The Clerk of Court is further instructed to complete the USM-285 form with the address for Defendant Federal Bureau of Investigation and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: March 31, 2020
New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.